IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRAIG HAYWARD and DONNA HAYWARD | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>) |
| v. | )<br>) No. |
| AHMED MOHAMED, and TAYLOR TRUCK LINE, INC. | )<br>) Plaintiff Demands Jury Trial<br>) |
| Defendants. | |

## COMPLAINT AT LAW

### JURISDICTION AND VENUE

1. This is an action for negligence in the operation of a semi-tractor trailer by Defendant AHMED MOHAMED, a citizen of the State of Minnesota, domiciled there with physical presence and intent to remain in that state at the time of this filing, which resulted in a bodily injury to Plaintiffs, CRAIG HAYWARD and DONNA HAYWARD, citizens of the State of Illinois.

2. On October 2, 2014, Plaintiff, CRAIG HAYWARD, resided at 75 N. Alfred Ave., in the City of Elgin, County of Kane and State of Illinois.

3. On October 2, 2014, Plaintiff, DONNA HAYWARD, resided at 75 N. Alfred Ave., in the City of Elgin, County of Kane and State of Illinois.

4. On October 2, 2014, Defendant, AHMED MOHAMED, resided in 3117 15th Avenue South, Apt. 4, Minneapolis, Minnesota.

1

5. On October 2, 2014, Defendant TAYLOR TRUCK LINE, INC., was a foreign corporation, with its corporate headquarters and/or registered address at 801 Hwy 3 N, Northfield, Minnesota.

6. On October 2, 2014 Defendant, AHMED MOHAMED was an employee of Defendant TAYLOR TRUCK LINE, INC., and acting in the scope of his employment.

7. The amount in controversy for this action exceeds $75,000.00.

8. Jurisdiction of this Court is proper under 28 U.S.C. 1332.

### COUNT ONE
### (Negligence)
### (CRAIG HAYWARD v. AHMED MOHAMED)

NOW COMES the Plaintiff, CRAIG HAYWARD, by and through his attorneys, BEKKERMAN LAW OFFICES, LLC., and for Count One of his Complaint at Law, against defendant AHMED MOHAMED, states:

1. On October 2, 2014, the Plaintiff, CRAIG HAYWARD, was a resident in the City of Elgin, County of Kane and State of Illinois.

2. On October 2, 2014, Defendant, AHMED MOHAMED, ("MOHAMED") was a resident of Minneapolis, County of Hennepin, and State of Minnesota.

3. On October 2, 2014, and at all times relevant to this claim, Defendant TAYLOR TRUCK LINE, INC., was a foreign corporation domiciled in the State of Minnesota.

4. On October 2, 2014, and at all times relevant to this claim, Defendant MOHAMED was an agent, employee or servant of TAYLOR TRUCK LINE, INC.

5. On October 2, 2014, Defendant MOHAMED was operating a 1999 semi-tractor trailer truck, and driving that truck in a westbound direction on Interstate 90 at or near mile marker 68 in the City of Mauston, County of Juneau, State of Wisconsin.

6. On October 2, 2014, Defendant MOHAMED was operating 1999 semi-tractor trailer truck as an agent, employee, contractor or servant of Defendant TAYLOR TRUCK LINE, INC. in the furtherance of his work for Defendant TAYLOR TRUCK LINE, INC.

7. While operating the 1999 semi-tractor trailer truck, Defendant MOHAMED owed a duty of reasonable care in the operation of that semi-tractor trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the motor vehicle that Plaintiff, CRAIG HAYWARD, was operating.

8. On October 2, 2014, Plaintiff, CRAIG HAYWARD, was operating a 2010 GMC Acadia, traveling westbound on Interstate 90 at or near mile marker 68 in the area of Mauston, Wisconsin.

9. At that time and place, Defendant, MOHAMED, collided with, struck and/or contacted the 2010 GMC Acadia operated by CRAIG HAYWARD, causing Plaintiff's motor vehicle to spin off the road.

10. On October 2, 2014, CRAIG HAYWARD was injured.

11. At that time and place, Defendant MOHAMED, individually, and as an agent, servant, or employee of Defendant TAYLOR TRUCK LINE, INC. was then and there guilty of one or more of the following acts and/or omissions:

    (a) Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the semi-tractor trailer truck defendant MOHAMED was driving;

    (b) Failed to keep an adequate or any lookout and attention for other vehicles on the roadway, including the one CRAIG HAYWARD was driving;

    (c) Failed to yield the right of way to the motor vehicle being operated by CRAIG HAYWARD;

(d) ~~Drove TAYLOR TRUCK LINE, INC.'s tractor-trailer at a speed that was greater than was reasonable given the traffic conditions and the use of the highway;~~

(e) Failed to keep an adequate distance from behind the vehicle operated by CRAIG HAYWARD;

OR

(f) Was otherwise negligent or careless.

12. One or more of these acts and/or omissions of defendant MOHAMED was a proximate cause of the contact between MOHAMED's semi-tractor trailer truck and the motor vehicle that CRAIG HAYWARD was driving.

13. As a direct and proximate result of one or more of these acts and/or omissions by defendant MOHAMED, Plaintiff, CRAIG HAYWARD sustained severe and permanent injury and further has incurred extensive medical costs and procedures in being treated for said injuries, has incurred lost wages, and further has and will in the future be prevented from attending his usual, normal customary occupation and customary affairs of life and also sustained and will continue to sustain significant pain and suffering and disability.

WHEREFORE, Plaintiff CRAIG HAYWARD, demands judgment against Defendant AHMED MOHAMED, in a sum in excess of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00), plus costs.

## COUNT TWO
### (Negligence)
### (CRAIG HAYWARD v. TAYLOR TRUCK LINE, INC.)

NOW COMES the Plaintiff, CRAIG HAYWARD, by and through his attorneys, BEKKERMAN LAW OFFICES, LLC., and for Count Two of his Complaint at Law, against defendant TAYLOR TRUCK LINE, INC., states:

4

1-10. ~~Plaintiff adopts and re-alleges Paragraphs One (1) through Ten (10) of Count One of this~~ Complaint at Law as Paragraphs One (1) through Ten (10) inclusive of this Count Two, as though fully set forth herein.

11. At that time and place, Defendant, TAYLOR TRUCK LINE, INC., by and through its agent, employee or servant MOHAMED, was then and there guilty of one or more of the following acts and/or omissions:

    (a) Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the semi-tractor trailer truck defendant MOHAMED was driving;

    (b) Failed to keep an adequate or any lookout and attention for other vehicles on the roadway, including the one CRAIG HAYWARD was driving;

    (c) Failed to yield the right of way to the motor vehicle being operated by CRAIG HAYWARD;

    (d) Drove TAYLOR TRUCK LINE, INC.'s tractor-trailer at a speed that was greater than was reasonable given the traffic conditions and the use of the highway;

    (e) Failed to keep an adequate distance from behind the vehicle operated by CRAIG HAYWARD;

OR

    (f) Was otherwise negligent or careless.

12. One or more of these acts and/or omissions of Defendant TAYLOR TRUCK LINE, INC., by and through its agent, employee or servant, MOHAMED, was a proximate cause of the contact between the semi-tractor trailer truck MOHAMED was driving and the motor vehicle that CRAIG HAYWARD was driving.

13. As a direct and proximate result of one or more of these acts and/or omissions by Defendant TAYLOR TRUCK LINE, INC., by and through its agent, employee or servant, MOHAMED, Plaintiff, CRAIG HAYWARD, sustained severe and permanent injury and further

5

~~has incurred extensive medical costs and procedures in being treated for said injuries, has~~ incurred lost wages, and further has and will in the future be prevented from attending his usual, normal customary occupation and customary affairs of life and also sustained and will continue to sustain significant pain and suffering and disability.

WHEREFORE, Plaintiff, CRAIG HAYWARD, demands judgment against Defendant TAYLOR TRUCK LINE, INC., in a sum in excess of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00), plus costs.

### COUNT THREE
### (Loss of Consortium)
### (DONNA HAYWARD v. AHMED MOHAMED)

1-13. Plaintiff, DONNA HAYWARD, hereby adopts and re-alleges Paragraphs One (1) through Thirteen (13) of Count One of this Complaint at Law as Paragraphs One (1) through Thirteen (13) inclusive of this Count Three, as though fully set forth herein against this defendant.

14. Prior to and on the date of this occurrence, Plaintiff DONNA HAYWARD was legally married to CRAIG HAYWARD, and resided with CRAIG HAYWARD in the City of Elgin in the State of Illinois.

15. Prior to the aforesaid incident and the resulting injuries, CRAIG HAYWARD was able to and did perform *inter* alia the following duties of a husband, father and grandfather:

> a. Mr. Hayward participated in and split the load of household chores such including but not limited to :
>    1. Vacuuming;
>    2. Cleaning floors and bathrooms;
>    3. Washing windows;
>    4. Washing dishes;
>    5. Cooking; and
>    6. Other household chores

6

    b. Mr. Hayward was responsible for many day-to-day errands such as;
        1. Shopping for groceries;
        2. Shopping for household goods; and
        3. Shopping for clothes
    c. Mr. Hayward was responsible for banking and financial obligations including but not limited to weekly bank transactions, payment of bills, balancing checkbook, preparing of state and federal income taxes and other financial obligations;
    d. Mr. Hayward was responsible for all the household maintenance such as:
        1. Fixing anything broken around the home;
        2. Do-it-yourself plumbing and electrical work;
        3. Replacing light bulbs;
    e. Mr. Hayward further participated in the raising, guidance and care of their children and grandchildren;
    f. Mr. Hayward was responsible and assisted in maintaining the home, and providing love, companionship, affection, society, moral support, and solace;
    g. Mr. Hayward was responsible for running the family business and was the sole provider for the primary household income; and
    h. Other spousal and familial duties, obligations and companionship.

16. As a direct and proximate result of the aforementioned injuries to CRAIG HAYWARD, he has been unable to perform the duties of a husband in that CRAIG HAYWARD is now, since the incident and his injuries, unable to perform the duties set forth in the preceding paragraphs, nor can he participate in family, recreational, or social activities with DONNA HAYWARD. Due to the nature of the injuries sustained by CRAIG HAYWARD and the severe physical and psychological strains they cause him, he is no longer able to provide plaintiff with love, companionship, affection, society, moral support, and solace to DONNA HAYWARD. Because of these injuries, Mr. Hayward will be unable to perform these duties in the future. Plaintiff,

~~DONNA HAYWARD is therefore deprived and will be permanently deprived of the consortium~~

of her husband, all to Plaintiff's damage, in a total amount to be established by proof at trial.

17. That all the aforesaid injuries and damages were caused solely and proximately by the negligence, carelessness and/or reckless disregard of the Defendant, AHMED MOHAMED, as set forth herein in this Complaint.

WHEREFORE, the Plaintiff, DONNA HAYWARD asks that a judgment be entered against Defendant, AHMED MOHAMED, in an amount in excess of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00), plus costs.

## COUNT FOUR
### (Loss of Consortium)
### (DONNA HAYWARD v. TAYLOR TRUCK LINE, INC.)

1-17. Plaintiff adopts and re-alleges Paragraphs One (1) through Seventeen (17) of Count Three of this Complaint at Law as Paragraphs One (1) through Seventeen (17) inclusive of this Count Four, as though fully set forth herein against this defendant specifically.

WHEREFORE, the Plaintiff, DONNA HAYWARD, respectfully requests judgment against the Defendant, TAYLOR TRUCK LINE, INC., in an amount in excess of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00), plus costs.

Respectfully submitted,

BEKKERMAN LAW OFFICES, LLC

By: s/Gerald J. Bekkerman
_____
Gerald J. Bekkerman

BEKKERMAN LAW OFFICES, LLC
308 W. Erie Street, Suite 300
Chicago, IL 60654
T: 312-254-7399
F: 312-265-3977 Facsimile
Ardc no: 6292372